[Civ. No. 382.   Third Appellate District.—December 24, 1907.]

HENRY BARNES, MARY E. ROBERTS, and FRANK ROBERTS, Appellants, v. NICHOLAS DAVECK, Respondent.

ACTION FOR PERPETUAL INJUNCTION—CASE IN EQUITY—JURISDICTION OF SUPREME COURT—TRANSFER OF CAUSE.—An action to perpetually restrain the defendant from traveling over or across a strip of land owned by the plaintiffs is a case in equity, which belongs to the appellate jurisdiction of the supreme court, under section 4 of article VI of the state constitution, and the appeal should have been taken to that court. When taken to this court the case must be transferred, under the provisions of the constitution, and agreeably to rule XXXII, to the supreme court.

APPEAL from a judgment of the Superior Court of Sonoma County, and from an order denying a motion for new trial.

The facts showing the original jurisdiction of the supreme court are stated in the opinion of the district court of appeal. On January 10, 1908, the cause was retransferred by the supreme court to the district court of appeal for decision on

the merits, which was rendered January 29, 1908 and is reported post, p. 487, (94 Pac. 779-782).

T. J. Butts, for Appellants.

F. McG. Martin, for Respondent.

CHIPMAN, P. J.—This is an action to perpetually restrain defendant from traveling over or across a certain strip of land, the property of plaintiffs.

"The Supreme Court shall have appellate jurisdiction on appeal from the Superior Courts in all cases in equity" (sec. 4, art. VI, Const.), and to that court the appeal should have been taken. The appeal not having been taken to the proper court, "the cause shall be transferred to the proper court." (*Ibid.*)

Agreeably to rule XXXII, 144 Cal. liii, [78 Pac. xiii], it is ordered that the cause be transferred to the supreme court.

Hart, J., and Burnett, J., concurred.